1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMES ALLEN WHITTLE,                    CASE NO. CV F 10-0229 LJO SMS

12              Plaintiff,                   **ORDER ON DEFENDANT'S F.R.Civ.P. 12**
                                             **MOTION TO DISMISS**
13        vs.                                (Doc. 8.)

14   WELLS FARGO BANK, N.A.,

15              Defendant.
                                       /
16

17                              **INTRODUCTION**

18        Defendant Wells Fargo Bank, N.A. ("Wells Fargo") seeks to dismiss as meritless pro se plaintiff

19   James Allen White's ("Mr. Whittle's") federal statutory claims and injunctive relief requests arising

20   from his home loan. This Court considered Wells Fargo's F.R.Civ.P. 12 motion to dismiss on the record

21   and VACATES the March 22, 2010 hearing, pursuant to this Court's sua sponte dismissal of this action.

22                              **BACKGROUND**

23                           **Mr. Whittle's Home Loan**

24        Mr. Whittle executed an August 24, 2007 promissory note ("note") for Wells Fargo's $145,000

25   home loan. The note was secured by a deed of trust ("DOT") recorded against Mr. Whittle's Fresno

26   residence ("property").[1] Mr. Whittle is in default on the note.

27

28        [1]     The DOT was recorded with the Fresno County Recorder.

                                          1

**Mr. Whittle's Claims**

Prior to removal to this Court, Mr. Whittle filed in state court a document entitled "Plaintiff's Petition for Injunctive and Other Relief and for Court to Compel Defendant to Produce and Comply with Plaintiff's Demands."[2]  The complaint includes more than 100 pages of "exhibits."  Wells Fargo describes the complaint as "indecipherable" and to attempt to allege claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq. The complaint demands "injunctive relief and/or other relief which will effectively stop (Status Quo) any and all of Defendant's collection activities, including foreclosure sale" of the property.

**DISCUSSION**

**F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

Wells Fargo seeks to dismiss this action given the complaint's limited "factual allegations" and reliance "almost exclusively on improper labels and legal conclusions."  For the reasons discussed below, this Court concludes that this action is subject to sua sponte dismissal.

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua sponte dismissal may be made before process is served on defendants.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

---

[2]     This Court will refer to the document as Mr. Whittle's "complaint."

*Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must:  (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action."  *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but ask it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

3

1

2      The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

3        First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of

4 a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .

5 . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience

6 and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

7 "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

8        In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions,

9 are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are

10 well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

11

12 *Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

13      Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss.

14 *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts,*

15 *Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A

16 F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is

17 apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear

18 on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may

19 be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and*

20 *Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

21      For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the

22 complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).

23 Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d

24 at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies'

25 if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3)

26 no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450

27 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus

28 may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United*

4

*States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[3] A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). A court properly may take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).

As such, this Court is able to consider the note and DOT.

## Failure To Satisfy F.R.Civ.P. 8

The complaint comprises smatterings of generalities, such as, "Defendant is in dishonor and has committed crimes" and "there is no contractual obligation between Plaintiff and Defendant." Attached to the complaint is more that 100 pages to which Mr. Whittle appears to claim Wells Fargo must respond. Wells Fargo attacks the complaint globally for failure to satisfy F.R.Civ.P. 8 in that the complaint has "few factual allegations with respect to Wells Fargo and relies almost exclusively on improper labels and legal conclusions."

F.R.Civ.P. 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written

---

[3] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

The complaint fails to satisfy F.R.Civ.P. 8 requirements. The complaint makes vague, unsupported allegations of a "injunctive relief and/or other relief" and "demanding Defendant to validate the purported debt." The complaint lacks relevant facts to support valid, cognizable legal theories as to Wells Fargo. The complaint fails to give Wells Fargo fair notice of claims plainly and succinctly to warrant dismissal of Mr. Whittle's claims.

### RESPA

The complaint appears to allege that Wells Fargo failed to respond properly to Mr. Whittle's qualified written response ("QWR"). Wells Fargo notes the absence of Mr. Whittle's submission of a document constituting a QWR.

Under RESPA, a QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). Among other things, a QWR must include a "statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii).

Wells Fargo correctly notes the absence of a QWR to question an account's accuracy or to request information regarding the account given that the complaint makes general allegations as to debt "validation." Wells Fargo's failure to respond to Mr. Whittle's demands and voluminous documents does not constitute a RESPA violation.

Wells Fargo also challenges the absence of Mr. Whittle's alleged damages from a RESPA violation. "Whoever fails to comply with this section shall be liable to the borrower . . . [for] any actual damages to the borrower as a result of the failure . . ." 12 U.S.C. § 2605(f)(1)(A). "However, alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D. N.J. 2006).

A purported RESPA claim fails to allege pecuniary loss from Wells Fargo's failure to respond to a QWR or otherwise. Such omission is fatal to the claim's mere reliance on a RESPA violation or Wells Fargo's failure to respond to Mr. Whittle's "demands." A purported RESPA claim is doomed in the absence of allegations of Mr. Whittle's identifiable damages attributable to a RESPA violation.

**FDCPA**

The complaint references the FDCPA. Wells Fargo construes the complaint to allege a FDCPA claim that Wells Fargo failed to respond adequately to Mr. Whittle's request of validation of loan debt. Wells Fargo contends that a purported FDCPA claim fails as a matter of law in that Wells Fargo is a debt "originator," not a "debt collector."

The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *mod. on other grounds*, 761 F.2d 237 (5th Cir. 1985). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt collector" does not include a person who collects or attempts to collect a debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. 1962a(6)(F). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry*, 756 F.2d at 1208.

Wells Fargo is correct that a debtor collector does not include lenders such as itself. *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996); *Kloth v. Citibank (South Dakota), N.A.*, 33 F.Supp.2d 115, 1998 (D. Conn. 1998) ("Generally, the FDCPA does not apply to creditors."). Wells Fargo properly faults the absence of allegations of a FDCPA violation in that under 15 U.S.C. § 1692b(b), a consumer must dispute the debt by written notice within 30 days after receiving the debt collector's initial communication.

Wells Fargo further challenges a FDCPA claim as barred by the one-year limitations period of 15 U.S.C. § 1692k(d). The limitations period appears as a viable defense.

### Attempt At Amendment And Malice

Mr. Whittle's claims against Wells Fargo are insufficiently pled and barred as a matter of law. Mr. Whittle is unable to cure his claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court is concerned that Mr. Whittle has brought this action in absence of good faith and that Mr. Whittle exploits the court system solely for delay or to vex Wells Fargo. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action against Wells Fargo.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.   DISMISSES with prejudice this action against Wells Fargo; and

2.   DIRECTS the clerk to enter judgment in favor of defendant Wells Fargo Bank, N.A. and

/ / /

/ / /

1         against plaintiff James Allen Whittle and to close this action.

2     IT IS SO ORDERED.

3 **Dated:**    **February 24, 2010**                 **/s/ Lawrence J. O'Neill**
                                                         UNITED STATES DISTRICT JUDGE