IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALLEN WHITTLE,<br><br>        Plaintiff,<br><br>   vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant.<br>_____/ | CASE NO. CV F 10-0229 LJO SMS<br><br>**ORDER ON DEFENDANT'S MOTION FOR ATTORNEY FEES**<br>(Doc. 14, 17.) |

## INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") seeks from pro se plaintiff James Allen Whittle ("Mr. Whittle") $5,042 for attorney fees incurred to dismiss Mr. Whittle's claims arising out his defaulted loan for his Fresno residence ("property"). Mr. Whittle filed what Wells Fargo correctly describes as "meritless argument" to object to an award of attorney fees. This Court considered Wells Fargo's attorney fees motion on the record and VACATES the April 19, 2010 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court GRANTS Wells Fargo a $1,625 attorney fees award.

## BACKGROUND

### Mr. Whittle's Home Loan

Mr. Whittle executed an August 24, 2007 promissory note ("note") for Wells Fargo's $145,000 home loan. The note was secured by a deed of trust ("DOT") recorded against the property. Mr. Whittle

1

defaulted on the note.

### Mr. Whittle's Claims

Prior to removal to this Court, Mr. Whittle filed in state court a document entitled "Plaintiff's Petition for Injunctive and Other Relief and for Court to Compel Defendant to Produce and Comply with Plaintiff's Demands."[1] The complaint references an "alleged loan agreement" and includes more than 100 pages of "exhibits." Wells Fargo describes the complaint as "indecipherable" and to attempt to allege claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq. The complaint demands "injunctive relief and/or other relief which will effectively stop (Status Quo) any and all of Defendant's collection activities, including foreclosure sale" of the property.

### Dismissal

Wells Fargo sought F.R.Civ.P. 12(b)(6) dismissal of Mr. Whittle's claims given the complaint's limited "factual allegations" and reliance "almost exclusively on improper labels and legal conclusions." This Court's February 24, 2010 order ("February 24 order") granted Wells Fargo sua sponte dismissal on numerous grounds, including failure to satisfy F.R.Civ.P. 8 pleading requirements, elements of federal statutory claims, and limitations period. The February 24 order did not grant Mr. Whittle an attempt to amend given Mr. Whittle's inability "to cure his claims by allegation of other facts" to support claims. The February 24 order noted this Court's concern that "Mr. Whittle has brought this action in absence of good faith" to exploit "the court system solely for delay or to vex Wells Fargo." Judgment was entered in favor of Wells Fargo and against Mr. Whittle.

### DISCUSSION

### Attorney Fees Provisions

Wells Fargo seeks attorney fees incurred to defend Mr. Whittle's "meritless complaint" which it characterizes as Mr. Whittle's "attempt to forestall foreclosure." Wells Fargo argues that it is entitled to attorney fees based on attorney fee provisions, its prevailing party status, and reasonableness of its requested attorney fees.

---

[1] This Court will refer to the document as Mr. Whittle's "complaint."

2

Wells Fargo points to the DOT provision entitled "Protection of Lender's Interest in the Property and Rights Under this Security Instrument," which provides in pertinent part:

> If . . . there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under the Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: . . . appearing in court . . . and . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument. . . .
>
> Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

Wells Fargo also points to the note's "Payment of Note Holder's Costs and Expenses" provision, which provides:

> If the Note Holder has required me to pay immediately in full as described above [upon default], the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

California Code of Civil Procedure section 1033.5(a)(1) permits recovery of attorney fees "when authorized by . . . Contract." California Civil Code section 1717(a) addresses recovery of attorney fees in contract actions and provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.

Wells Fargo argues that Mr. Whittle "agreed to the fee clauses" to subject him to an attorney fees award given that Wells Fargo is the "prevailing party." Wells Fargo is correct that it is the prevailing party, and focus turns to whether the attorney fees provisions encompass Wells Fargo's defense of Mr. Whittle's claims.

### **Scope Of Attorney Fees' Provisions**

Wells Fargo argues that Mr. Whittle's complaint "significantly" affects Wells Fargo's interest in the property to invoke the DOT's attorney fees provision given allegations seeking injunctive relief to halt foreclosure and collection. Wells Fargo contends that the complaint's allegations of "fraud" and

3

commission of "crimes and violations" invoke the note's attorney fees provision in that the allegations address note enforcement.

In *Abdallah v. United Savings Bank,* 43 Cal.App.4th 1101, 1111, 51 Cal.Rptr.2d 286 (1980), the California Court of Appeal explained:

> "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [Civil Code] section 1717 only as they relate to the contract action." ( *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129 [158 Cal.Rptr. 1, 599 P.2d 83].) However, "[a]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." ( *Id.* at pp 129-130.) For example, the holder of a note which provides for payment of fees incurred to collect the balance due is entitled to fees incurred in defending itself against "interrelated" allegations of fraud. (*Wagner v. Benson* (1980) 101 Cal.App.3d 27, 37 [161 Cal.Rptr. 516].) Here, the court could reasonably find that appellants' various claims were " 'inextricably intertwined' " (*Finalco, Inc. v. Roosevelt* (1991) 235 Cal.App.3d 1301, 1308 [286 Cal.Rptr. 616]), making it "impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units" (*Fed-Mart Corp. v. Pell Enterprises, Inc.* (1980) 111 Cal.App.3d 215, 227 [168 Cal.Rptr. 525]).

Moreover, "an obligation to pay attorney fees incurred in the enforcement of a contract 'includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation.'" *Siligo v. Castellucci*, 21 Cal.App.4th 873, 878, 26 Cal.Rptr.2d 439 (1994) (quoting *Finalco, Inc. v. Roosevelt,* 235 Cal.App.3d 1301, 1308, 3 Cal.Rptr.2d 865 (1991)).

The complaint sought to significantly affect Wells Fargo's right in the property by seeking to stop foreclosure and collection on Mr. Whittle's defaulted loan. Mr. Whittle brought this action ostensibly to prevent Wells Fargo to protect its rights as a foreclosing lender. With this action pending, Wells Fargo's foreclosure attempts were stymied. Wells Fargo was compelled to defend the complaint's federal statutory claims. Moreover, the complaint's attempt to void Mr. Whittle's loan called into question note enforcement. As such, the DOT and note's attorney fees provision encompass defense of Mr. Whittle's claims at issue here to entitle Wells Fargo to an attorney fees award.

### Attorney Fees' Reasonableness

Wells Fargo contends that its $5,042 attorney fees are reasonable. "The matter of reasonableness of attorney's fees is within the sound discretion of the trial judge." *Stokus v. Marsh,* 217 Cal.App.3d 647, 656, 266 Cal.Rptr. 90 (1990).

The Ninth Circuit Court of Appeals has outlined factors to consider for attorney fees

reasonableness:

> In calculating reasonable attorney fees the court must consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-1342 (9th Cir. 1986).[2]

To support fees' reasonableness, defense counsel provides January - March 2010 billing statements which reflect 18.7 hours devoted to defend this action by three attorneys (with $320 and $250 hourly billing rates) and a paralegal (with a $155 hourly billing rate). The primary, most meaningful defense of this action was preparation of a F.R.Civ.P. 12(b)(6) motion to dismiss which not opposed by Mr. Whittle. The motion was chiefly prepared by an eight-year attorney who devoted 6.5 hours at a $250 hourly billing rate. The barometer for reasonable attorney fees is preparation of the motion to dismiss, not other unrelated tasks reflected in the billing statements. A $250 hourly billing rate appears reasonable for the task. As such, an appropriate attorney fees award is $1,625.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS Wells Fargo a $1,625 attorney fees award.

IT IS SO ORDERED.

**Dated:   April 9, 2010**                         **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

---

[2] The California Court of Appeal also has provided factors to consider for an attorney fees award:

> In determining what constitutes a reasonable compensation for an attorney who has rendered services in connection with a legal proceeding, the court may and should consider "the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded ...; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed." [Citations.]

*Hadley v. Krepel*, 167 Cal.App.3d 677, 682, 214 Cal.Rptr. 461 (1985).